UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY GRAND JURY 2023
AUGUST 27, 2024 SESSION



UNITED STATES OF AMERICA

v.    CRIMINAL NO. 1:24-cr-00143
      18 U.S.C. § 152(2)
      18 U.S.C. § 152(3)

TRAVIS LEE HARRY

# INDICTMENT

The Grand Jury Charges:

## COUNT ONE

On or about February 5, 2020, at or near Princeton, Mercer County, West Virginia, within the Southern District of West Virginia, defendant TRAVIS LEE HARRY knowingly and fraudulently made a materially false declaration, certificate, verification, and statement under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, that is In re Travis Lee Harry, Case No. 1:20-bk-10005, when he submitted Schedules of Assets and Liabilities and a Statement of Financial Affairs on which defendant TRAVIS LEE HARRY knowingly and fraudulently declared that he had no monthly income.

In violation of Title 18, United States Code, Section 152(3).

## COUNT TWO

On or about February 5, 2020, at or near Princeton, Mercer County, West Virginia, within the Southern District of West Virginia, defendant TRAVIS LEE HARRY knowingly and fraudulently made a materially false declaration, certificate, verification, and statement under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, that is In re Travis Lee Harry, Case No. 1:20-bk-10005, when he submitted Schedules of Assets and Liabilities and a Statement of Financial Affairs on which defendant TRAVIS LEE HARRY knowingly and fraudulently declared that he had no interest in insurance policies when, as he then knew, he was the policy holder of two separate life insurance policies.

In violation of Title 18, United States Code, Section 152(3).

## COUNT THREE

On or about February 5, 2020, at or near Princeton, Mercer County, West Virginia, within the Southern District of West Virginia, defendant TRAVIS LEE HARRY knowingly and fraudulently made a materially false declaration, certificate, verification, and statement under penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, that is In re Travis Lee Harry, Case No. 1:20-bk-10005, when he submitted Schedules of Assets and Liabilities and a Statement of Financial Affairs on which defendant TRAVIS LEE HARRY knowingly and fraudulently omitted his 100% ownership interest in Canyon River Technologies, LLC.

In violation of Title 18, United States Code, Section 152(3).

## COUNT FOUR

On or about March 6, 2020, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, defendant TRAVIS LEE HARRY knowingly and fraudulently made a false material statement and account under oath in and in relation to a case under Title 11, that is In re Travis Lee Harry, Case No. 1:20-bk-10005, when he falsely testified under oath in a proceeding before the case trustee at a meeting of creditors that he co-owned with his spouse a home he sold in Princeton, Mercer County, West Virginia, situated at 195 Sunflower Street, when he then and there knew that he was the sole owner of the home and that his spouse had never been a co-owner.

In violation of Title 18, United States Code, Section 152(2).

## COUNT FIVE

On or about March 6, 2020, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, defendant TRAVIS LEE HARRY knowingly and fraudulently made a false material statement and account under oath in and in relation to a case under Title 11, that is In re Travis Lee Harry, Case No. 1:20-bk-10005, when he falsely testified under oath in a proceeding before the case trustee at a meeting of creditors that he used all of the proceeds from the sale of his home in Princeton, Mercer County, West Virginia, situated at 195 Sunflower Street, to pay debts owed to the Internal Revenue Service for back payroll taxes when he then and there knew that he had spent approximately $7,400 of the home sale proceeds to pay personal general living, medical, loan, and credit card expenses.

In violation of Title 18, United States Code, Section 152(2).

## COUNT SIX

On or about March 6, 2020, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, defendant TRAVIS LEE HARRY knowingly and fraudulently made a false material statement and account under oath in and in relation to a case under Title 11, that is In re Travis Lee Harry, Case No. 1:20-bk-10005, when he falsely testified under oath in a proceeding before the case trustee at a meeting of creditors that he was separated from his spouse because of her relocation to a residence in North Carolina when he then and there knew that he was not separated from his wife.

In violation of Title 18, United States Code, Section 152(2).

## NOTICE OF FORFEITURE

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of giving notice of forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

Pursuant to 18 U.S.C. § 9821(a)(1)(C), 28 U.S.C. § 2461 and Rule 32.2 of the Rules of Criminal Procedure and upon conviction of the offense in violation of 18 U.S.C. § 152, the defendant TRAVIS LEE HARRY, shall forfeit to the United States of America, any property constituting, or derived from, proceeds obtained, directly or indirectly as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses, including but not limited to a money judgment, which constitutes or is derived from proceeds traceable to the violation.

Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if any of the property described above, as a result of any act or omission of a defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred, sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

                                        WILLIAM S. THOMPSON
                                        United States Attorney

                    By: _____
                         JONATHAN T. STORAGE
                         Assistant United States Attorney